IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYRIC HALE, MICHAEL GRAINGER, DR. RONALD MICHAEL, and CHINA ONLINE, INC., | |
| | Case No. 08 C 5548 |
| Plaintiff, | Judge Virginia M. Kendall |
| v. | |
| CHINA ONLINE, INC., VICTOR CHU, PANSY HO CHIU-KING and STANLEY HO CHIU-KING, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Lyric Hale ("Hale"), Michael Grainger ("Grainger"), Dr. Ronald Michael ("Michael") and China Online, Inc. ("China Online") (collectively "Plaintiffs") move this Court to remand their civil action against Defendants China Online, Victor Chu ("Chu"), Pansy Ho Chiu-King ("Pansy") and Stanley Ho Chiu-King ("Stanley") (collectively "Defendants") to the Circuit Court of Cook County, Illinois, asserting that Chu improperly removed the action to federal court based on diversity of citizenzhip. Chu opposses Plaintiffs' Motion to Remand and moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2) & 12(b)(6). For the reasons stated, Plaintiffs' Motion to Remand is Denied and Chu's Motion to Dismiss is granted.

**STATEMENT OF FACTS/PROCEDURAL HISTORY**

On February 29, 2008, Plaintiffs filed a corporate derivative lawsuit against Defendants captioned *Hale et al. v. China Online, Inc., et al.*, 08 L 2343 in the Circuit Court of Cook County, Illinois. Plaintiffs' Complaint contains two counts; the first alleges that Chu breached his fiduciary obligation to China Online by engaging in a series of illegal acts designed to undercut the financial

health of China Online (Count I), and the second alleges that Pansy and Stanley knew of Chu's fiduciary obligation to China Online and aided and abetted him in subverting the corporate health of China Online as described in Count I (Count II). Plaintiffs Hale, Grainger and Michael are all citizens and residents of Illinois and Plaintiff China Online is a corporation organized under the laws of the State of Delaware with its principal place of business in Illinois.[1] Defendant Hale is a citizen of Great Britain and a resident of Hong Kong. Defendants Pansy and Stanley are citizens and residents of Hong Kong and, as previously stated, Defendant China Online is a Delaware corporation with its principal place of business in Illinois.[2]

On September 29, 2008, Chu filed a Notice of Removal pursuant to 28 U.S.C. § 1446,[3] asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.[4] Specifically, Chu asserts that this Court has diversity jurisdiction because Plaintiffs fraudulently joined China Online as a defendant, and as such, China Online should be disregarded in determining whether there is diversity of citizenship. Chu asserts that when China Online's citizenship is disregarded, complete diversity exists between the Plaintiffs and the properly joined Defendants.[5]

---

[1] China Online was dissolved as of March 1, 2006, but may prosecute or defend actions commenced within three years after dissolution. *See* 8 Del. C. § 278.

[2] For purposes of diversity, China Online is therefore deemed to be a citizen of Delaware and Illinois. 28 U.S.C. 1332(c)(1).

[3] Removal does not require the consent of the other Defendants because Chu has represented to this Court that Defendants Stanley and Pansy have not yet been served with the summons and Complaint and that Defendant China Online was fraudulently joined. *See Howell v. Joffe*, 478 F.Supp.2d 1014, 1019 (N.D. Ill. 2006) (citing *Shaw v. Dow Brands, Inc*., 994 F.2d 364, 369 (7th Cir. 1993) ("[T]he consent of parties not served at the time a petition for removal is filed is not necessary for such a petition"); *Jonathan Pepper Co., Inc. v. Hartford Cas. Ins. Co.*, 381 F.Supp.2d 730, 731-32 (N.D. Ill. 2005) (citing *Ryan v. State Board of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981) ("[O]nly indispensable defendants are required to join in the petition for removal . . .")).

[4] Chu filed an Amended Notice of Removal on October 3, 2008.

[5] Chu also asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs as is required under § 1332. The amount in controversy is not disputed by the Plaintiffs.

Plaintiffs now seek to remand this action to state court, asserting that China Online is not a fraudulently joined defendant, and therefore diversity jurisdiction is defeated. Chu opposes this motion and moves the Court to dismiss Plaintiffs' Complaint.

## **DISCUSSION**

### I. Plaintiffs' Motion to Remand

The removal of actions from state to federal court is governed, in part, by 28 U.S.C. §1441. Under Section 1441, a defendant may remove a case from state court to federal court where the district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of 75,000, exclusive of interests or costs, and is between "citizens of a State and citizens or subjects of a foreign State." 28 U.S.C. § 1332(a)(2). "The party seeking removal, not the party moving to remand, has the burden of establishing that the court has jurisdiction." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

"Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Therefore, when determining whether there is diversity of citizenship, parties fraudulently joined are disregarded. *See id*. An out-of-state defendant who wants to remove a case to federal court based on fraudulent joinder must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot state a cause of action against the nondiverse defendant in state court. *See Gottlieb*, 990 F.2d at 327. Although a defendant seeking removal based on fraudulent joinder bears a heavy burden, he need not negate any possible theory that the plaintiff might allege in the future: only the plaintiff's present allegations count. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992)

(citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) (refusing to consider unfiled amended complaint for purposes of jurisdictional inquiry because whether a case should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed)). Put another way, the Court may find fraudulent joinder without deciding whether the problem in a plaintiff's complaint can be cured by amending it. *See Poulos*, 959 F.2d at 74 (finding defendant was fraudulently joined without deciding whether plaintiff could have cured the problem with his complaint by amending it while in federal court).

Here, Plaintiffs' Complaint attempts to assert a derivative action and therefore names China Online as a defendant. *See Ross v. Bernhard et al.*, 396 U.S. 531, 538 (1970) (holding a corporation is a necessary defendant in a derivative action). A derivative action permits an individual shareholder to bring "suit to enforce a *corporate* cause of action against officers, directors, and third parties." *Ross*, 396 U.S. at 534. Section 327 of the Delaware General Corporation Law[6] and Court of Chancery Rule 23.1 specify the minimal requirements that must be met by a derivative plaintiff.[7]

---

[6]To determine whether there is a possibility that Plaintiffs can state a cause of action against China Online in Illinois state court, this Court must apply Delaware law. China Online is a Delaware corporation, and Illinois courts apply the law of the state of incorporation. *See Housman v. Albright*, 368 Ill.App.3d 214, 218-19 (Ill.App. Ct. 2006) (citing *Spillyards v. Abboud*, 278 Ill.App.3d 663, 667 (Ill. App. Ct. 1996)). Therefore, Delaware law governs any derivative claims brought on behalf of China Online or any individual claims brought by its stockholders. *See Housman*, 368 Ill.App.3d at 218-19(citing *Seingeld v. Bays*, 230 Ill.App.3d 412, 420 (Ill.App. Ct. 1992)).

[7] Section 327 provides that:

> In any derivative suit instituted by a stockholder of a corporation, it shall be averred in the complaint that the plaintiff was a stockholder of the corporation *at the time of the transaction of which such stockholder complains* or that such stockholder's stock thereafter devolved upon such stockholder by operation of law.

8 Del. C. § 327. Rule 23.1 provides:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall allege that the plaintiff was a shareholder or

Taken together, they require that a "plaintiff, bringing a derivative suit on behalf of a corporation, *must be a stockholder of the corporation at the time he commences the suit* and *must maintain that status throughout the course of the litigation*." Parfi Holding AB v. Mirror Image Internet, Inc., 954 A.2d 911, 935 (Del. Ch. 2008) (internal citations omitted) (emphasis added); *see also Lewis v. Anderson*, 477 A.2d 1040, 1049 (Del. Ch. 1984) (a plaintiff who is not a stockholder, or who ceases to be a stockholder during the pendency of his suit, loses standing to maintain a derivative action). This rule applies to derivative actions brought in state court, *see e.g.*, *Parfi Holding AB*, 954 A.2d at 935, and to actions brought in federal court. *See e.g., Winters v. Stemberg*, 529 F. Supp. 2d 237, 245 (D. Mass. 2008) (applying Delaware law); *Brambles USA, Inc. V. Blocker*, 731 F. Supp. 643, 648 (D. Del. 1990) (applying Delaware law). Under Delaware law, dissolution of a corporation terminates an individual's status as a shareholder of the corporation and therefore bars the individual from bringing a derivative action on behalf of the dissolved corporation. *See Giordano v. Marta*, No. CIV. A. 11613, 1998 WL 227888, at *4 (Del. Ch. April 28, 1998) (plaintiff was no longer stockholder of dissolved corporation and never complained or took any action with respect to the dissolution and therefore no longer had standing to sue derivatively on behalf of corporation).

Here, China Online was dissolved on March 1, 2006. Plaintiffs did not file the instant action until February 29, 2008. Therefore, at the time Plaintiffs filed the instant action, China Online was dissolved and its dissolution terminated Plaintiffs' status as shareholders. Pursuant to 8 Del. C. § 327, only current shareholders have standing to pursue a derivative cause of action and therefore

---

member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law.

Ct.Ch.R. 23.1  Chancery Court Rule 23.1 mirrors Federal Rule of Civil Procedure 23.1.

Plaintiffs do not have standing to bring a derivative cause of action against China Online.

Furthermore, the Court notes that even if the Plaintiffs had standing to bring a derivative action on behalf of China Online based on a directors' fiduciary obligations to former shareholders after dissolution, *see e.g. Kidde Industries, Inc. v. Weaver Corp.*, 593 A.2d 563, 566 (Del. Ch. 1991), they have failed to make the requisite demand upon China Online's former Board of Directors before instituting suit and also failed to plead demand futility. To bring a derivative action, a plaintiff shareholder must demonstrate "that the corporation itself had refused to proceed after suitable demand, unless excused by extraordinary conditions." *Ross*, 396 U.S. at 534. This requirement is accommodated by Federal Rule of Civil Procedure 23.1 which requires a plaintiff, in a shareholder derivative action, to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors . . . and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Fed.R.Civ.P. 23.1. While Fed. R. Civ. P. 23.1 speaks only to the adequacy of a shareholder plaintiff's pleadings, the requirement of a shareholder demand is more than a pleading requirement; it is a substantive right of the shareholder and the directors. *See Kamen v. Kemper Fin. Servs.*, *Inc.*, 500 U.S. 90, 97 (1991). Therefore, to determine whether the demand requirement may be excused by futility in a derivative action, the Court must "identify source and content of substantive law that defines the demand requirement to determine if demand may be excused by futility." *Kamen*, 500 U.S. at 97. Because China Online was incorporated under the laws of Delaware, Delaware law applies in determining whether a demand, as required by Rule 23.1, may be excused. *See Kamen*, 500 U.S. at 98-99, 104 (whether a shareholder should be allowed to proceed without making a demand "is based on the application of the State's futility doctrine . . . ."); *see also Housman v. Albright*, 368 Ill.App.3d 214,

218-19 (Ill.App. Ct. 2006) (citing *Spillyards v. Abboud*, 278 Ill.App.3d 663, 667 (Ill. App. Ct. 1996)) (derivative claims brought on a corporations' behalf or any individual claims brought by its stockholders is governed by the law of the state of incorporation).

Under Delaware law, a demand can only be excused where: 1) a shareholder [has pleaded] *with particularity* facts that establish that demand would be futile because the majority of the board of directors upon whom demand would be made are not independent or disinterested, or 2) a shareholder has alleged facts, *with particularity,* which create a reasonable doubt that the challenged transaction was a product of a valid exercise of the directors' business judgment. *See Aronson v. Lewis*, 473 A.2d 805, 808 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253 (Del. 2000). Where a complaint does not address an action taken by the board, however, or alleges that the board failed to act, the inquiry is whether "as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to demand." *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993). "Vague or conclusory allegations do not suffice to upset the presumption of a director's capacity to consider demand." *In re Tyson Foods, Inc.*, 919 A.2d 563, 581 (Del. Ch. 2007). To determine demand futility the Court must "consider[] the directors in office at the time a plaintiff brings a complaint." *Id.* at 582.

Here, Plaintiffs' Complaint does not allege with factual particularity that a demand on China Online's board of directors would have been futile. Plaintiffs' Complaint merely states, "[a] demand on the Board of Directors of China Online to bring this suit against the individual defendants named herein would be a futile and useless act, in that the Defendants committed the wrongs complained of herein, profited from the wrongs, and would not sue themselves or cause China Online to file suit

7

against themselves." (Pl. Compl. ¶ 5). This mere conclusion provides no framework in which to analyze the directors' alleged independence or disinterestedness and is a patently inadequate allegation of demand excusal. Plaintiffs' Complaint does not identify who was on China Online's board of directors at the time the instant action was filed nor does it identify how many individuals were on the board. At a minimum, to allege demand futility Plaintiffs must identify who the directors of China Online were so that this Court can determine if a demand on these specific directors would in fact be futile. *See e.g. Saito v. McCall*, No. Civ.A. 17132-NC, 2004 WL 3029876, at *9 (Del. Ch. Dec. 20, 2004) ("Plaintiffs make no effort to identify the directors who would have received the demand . . . and therefore, the claim is dismissed pursuant to Rule 23.1"). Furthermore, Plaintiffs' Complaint does not allege that any of the named Defendants were on China Online's Board of Directors and therefore Plaintiffs' allegations with respect to the Defendants' actions cannot be used to determine whether China Online's directors were independent or disinterested. Because Plaintiffs' Complaint does not provide any information as to the identity, structure or composition of China Online's board of directors, Plaintiffs have not adequately pleaded *with particularity* that there is a reason to doubt that China Online's board of directors could have properly exercised its independent and disinterested business judgment in responding to demand. *See Rales*, 634 A.2d at 934. Additionally, although the Plaintiffs are not required to submit summary evidence to disprove a claim of fraudulent joinder, the Court notes that at no point during these proceedings did Plaintiffs attempt to fill in the gaps in their Complaint. Plaintiffs have offered *nothing* to the Court, neither summary evidence nor simple argument, to support the conclusory assertion in their Complaint that a demand on China Online's board of directors would have been futile.

In contrast to the Plaintiffs, who offered nothing at all about the size, structure or makeup of China Online's Board of Directors, in support of its assertion that a demand would not have been futile, Defendant Chu provided the Court with information regarding the composition of China Online's board of directors. Specifically, Chu attached a January 9, 2007, transcript from another court proceeding containing the sworn testimony of Plaintiff Hale, the CEO of China Online, in which Hale testifies that the last she recalls the directors of China Online were herself; her husband, David Hale; and Michael Granger, a plaintiff in the instant case. *See* Def. Ex. C to Amended Notice of Removal at 16-17.[8] Additionally, when asked if she recalled if there were any other directors on the board besides herself, her husband and Granger, Hale stated that she thought that those were the key board members and that she does not recall any others. *See id*. This uncontested evidence supports the conclusion that Plaintiffs themselves were the directors of China Online and Plaintiffs cannot demonstrate demand futility if the demand would have been made upon themselves.

Because China Online's dissolution bars Plaintiffs' derivative action and because Plaintiffs' Complaint fails to adequately plead demand futility, Plaintiffs cannot state a derivative cause of action against China Online. As there is no possibility that Plaintiffs' Complaint can state a cause of action against China Online, China Online is a fraudulently joined Defendant. *See Gottlieb*, 990 F.2d at 327. Plaintiffs' fraudulent joinder of China Online requires that China Online's citizenship be disregarded in determining whether there is complete diversity. *See id*. With China Online's citizenship disregarded, complete diversity exists between all Plaintiffs, who are citizens of Illinois and Delaware, and all properly joined Defendants, who are citizens of foreign states. *See Sadat v.*

---

[8]This Court may consider material beyond Plaintiffs' Complaint to determine whether a party has been fraudulently joined. *See Hernandez v. Home Depot, U.S.A., Inc.*, 2006 WL 1647438 at *2 (N.D. Ill. June 6, 2006) ("The court may consider depositions and affidavits in determining whether a party has been fraudulently joined").

9

*Mertes*, 615 F.2d 1176, (7th Cir. 1980) ("28 U.S.C. 1332(a)(2) vests the district courts with jurisdiction over civil actions between state citizens and citizens of foreign states"). For the reasons stated, Plaintiffs' Motion to Remand is denied and Defendant China Online is dismissed from the Plaintiffs' Complaint.

## II. Chu's Motion to Dismiss

Chu moves this Court to dismiss Plaintiffs' Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[9] When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

For the reasons stated above, the Court finds that the Plaintiffs' Complaint fails to state a derivative cause of action because Plaintiffs lack standing to bring a derivative cause of action on behalf of China Online, a dissolved corporation, and even if the Plaintiffs did have standing they did

---

[9] Chu also moves to dismiss Plaintiffs' Complaint against him pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction; however, because the Court's subject matter jurisdiction turns on the merits of Plaintiffs' claims, the Court must first address whether the Plaintiffs' Complaint states a claim.

not adequately plead demand futility. Therefore, Plaintiffs' derivative claims are dismissed.

Furthermore, to the extent that the Plaintiffs' Complaint attempts to assert individual or direct claims against the Defendants, it fails to state a cause of action because Plaintiffs' individual claims seek to assert rights that may only be asserted by China Online. To determine if a claim is direct or derivative the Court must ask: 1) who suffered the alleged harm (the corporation or the suing shareholders, individually), and 2) who would receive the benefit of any recovery or other remedy? *See Toley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004). The Court must look to all of the facts alleged in Plaintiffs' Complaint to determine whether a direct claim exists. *See Dieterich v. Harrer*, 857 A.2d 1017, 1027 (Del. Ch. 2004). To demonstrate a direct injury, a shareholder plaintiff must demonstrate "that the duty breached was owed to the [shareholder] and that he or she can prevail without showing an injury to the corporation." *Tooley*, 845 A.2d at 1039. Here, Counts I and II of Plaintiffs' Complaint alleges that the Defendants' conduct harmed China Online and therefore harmed all of its shareholders because it caused China Online to be "exposed to significant losses" and "damaged the business of and ability of China Online to maintain its normal business to the point where the shares of that business became substantially devaluated . . . to the detriment [of] the company as well as the other stockholders." *See* Pl. Compl. ¶¶ 7, 12. As alleged in Plaintiffs' Complaint the only harm to the stockholders would have been the natural and foreseeable consequences of the harm to China Online. Plaintiffs, therefore, cannot prevail on their individual devaluation claims without showing injury to China Online and therefore Plaintiffs' individual claims cannot stand as a matter of law and are dismissed. *See In re J.P. Morgan Chase & Co. Shareholder Litigation*, 906 A.2d 808, 817-819 (Del. Ch. 2005) (Delaware law bars shareholders of a Delaware corporation from asserting individual claims for

devaluation or dilution of their shares if they cannot prevail on their individual claims without showing injury to the corporation).

Lastly, the Court *sua sponte* dismisses the Plaintiffs' action against the remaining two Defendants, Pansy and Stanley. *See e.g*, *Bonny v. The Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) (courts have the authority to dismiss actions with respect to non-moving defendants "where non-moving defendants are in a position similar to that of moving defendants or where the claims against all the defendants are integrally related."); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304 (7th Cir. 1988) (same). As all three Defendants, Chu, Pansy and Stanley, are similarly situated, and the claims asserted against them are integrally related, it is equally evident that the Plaintiffs have not stated a claim against non-moving Defendants Pansy and Stanley. Moreover, the fact that the record reflects that Pansy and Stanley have not yet been served does not preclude the Court from dismissing Plaintiffs' Complaint against them. Other Courts have held that a *sua sponte* dismissal may apply to a party prior to service of the complaint, particularly where, as here, the plaintiff has had an opportunity to respond to a motion to dismiss. *See e.g.*, *Burgess v. Michaelson*, No. 93 C 2680, 1993 WL 348577 (N.D. Ill. Sept. 7, 1993) (*sua sponte* dismissing action against remaining defendants despite faulty service of process); *see also Baker v. Director, United States Parole Commission*, 916 F.2d 725 (D.C. Cir. 1990) (upholding district court's decision to dismiss complaint *sua sponte* before service of process).

## **CONCLUSION**

For the reasons stated, Plaintiffs' Motion to Remand is denied, Defendant Chu's Motion to Dismiss is granted[10], and the Court *sua sponte* dismisses Plaintiffs' Complaint against the remaining

---

[10] Because the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief may be granted, Chu's motion to dismiss for lack of personal jurisdiction is dismissed as moot.

Defendants, Pansy and Stanley.

So ordered.

/s/ Virginia M. Kendall
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: August 21, 2009